MARC A. KARLIN, ESQ.  Cal. SBN 137558
**KARLIN & KARLIN**
A Professional Law Corporation
535 N. Brand Blvd., Suite 701
Glendale, CA 91203
Telephone:  (213) 365-1555
Facsimile:   (213) 383-1166
E-mail:       mkarlin@karlaw.com

*ATTORNEYS FOR PLAINTIFF*
*TRACY WASHINGTON*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY WASHINGTON, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES FOR NEGLIGENCE/MEDICAL MALPRACTICE** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

COMES NOW Plaintiff Tracy Washington, who alleges the following:

**JURISDICTION**

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq*. This Court is vested with jurisdiction pursuant to 28 U.S.C. Section 1346(B). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

-1-

2. On or about April 12, 2020, Plaintiff Tracy Washington filed a claim for damage, injury, or death on Standard Form 95 to the United States of America and its agency, the U.S. Department of Health & Human Services for the sum total of 2,500,000.00.

3. On or about May 18, 2020, the United States of America, through the U.S. Department of Health & Human Services, confirmed receipt of Plaintiff's claim. (Exhibit A.) The United States of America, to date, has not formally denied Plaintiff's claim. Accordingly, pursuant to 18 U.S.C. Section 2401(b), Plaintiff is authorized to file the instant Complaint for medical malpractice. See also, 28 U.S.C. Section 2675.

**PARTIES**

4. Plaintiff Tracy Washington is and was at all relevant times herein, a resident of the State of California.

5. On or about April 13, 2018, Plaintiff presented herself for medical/chiropractic treatment with Alireza Hirsa, D.C., at San Jose Foothill Family Community Clinic ("San Jose Foothill") (now known as Bay Area Community Health) located at 2880 Story Rd., San Jose, CA 95127.

6. San Jose Foothill is and was, according to Plaintiff's information and belief, a nonprofit corporation organized according to the laws of the State of California, and doing business within Santa Clara County, State of California, with a location at 2880 Story Rd., San Jose, CA 95127.

7. For purposes of liability, the torts alleged by Plaintiff against by San Jose Foothill, its employees and staff, are deemed to have been brought against the United States under their provisions of the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq.*

## VENUE

8. The acts and omissions complained of herein occurred within the Northern District of California.

## **FIRST CAUSE OF ACTION.**
## **NEGLIGENCE/MEDICAL MALPRACTICE**

9. All of the preceding paragraphs are incorporated herein.

10. On or about April 13, 2018, Plaintiff presented to Defendants for purposes of medical/chiropractic treatment with Alireza Hirsa, D.C., at San Jose Foothill at 2880 Story Rd., San Jose, CA 95127.

11. During this course of his treatment of Plaintiff on April 13, 2018, Alireza Hirsa, D.C., placed devices upon Plaintiff's body that caused Plaintiff to be burned throughout her upper body.

12. Thereafter, Plaintiff experienced constant, increasing and permanent pain and discomfort, and scarring to her upper body.

13. As a proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them, Plaintiff has sustained injury to her health, strength, and activity, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering. As a result of such injuries, Plaintiff has sustained general damages.

14. Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some permanent disability to Plaintiff, all to her general damage, in a sum according to proof at trial, but presently unascertained.

15. By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services, and Plaintiff has been compelled to incur expenses for ambulance service, medicines, x-rays and other medical supplies and services. Plaintiff is informed and believes, and

thereon alleges, that further services of said nature will be required by Plaintiff in an amount to be shown according to proof.

16. As a further direct and proximate result of Defendants' and each of their conduct, Plaintiff has sustained a loss of earnings and earnings capacity, in an amount not presently ascertainable, but to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

1. General non-economic damages, for pain, suffering and the loss of enjoyment of life, according to proof;
2. Economic damages for past and future medical, hospital and related expenses, according to proof;
3. Economic damages for the inability to provide household services, loss of earnings and earnings capacity according to proof;
4. Costs of suit herein;
5. For other such and further relief as the Court may deem proper.

Date: March 31, 2021

KARLIN & KARLIN
A PROFESSIONAL LAW CORP.

By, /s/ Marc Karlin
_____
MARC A. KARLIN
*Attorneys for Plaintiff*

# Ex. A



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100
Washington, D.C. 20201

MAY 13

Yoni Weinberg, Esq.
Law Offices of Yoni Weinberg
11601 Wilshire Boulevard
Suite 500
Los Angeles, California 90025

Re: **Administrative Tort Claim of Tracy Washington**, Claim No. 2020-0429

Dear Mr. Weinberg:

This will acknowledge the receipt of your administrative tort claim, filed on behalf of your client, Tracy Washington, alleging, *inter alia*, that, on April 13, 2018, Alireza Hirsa, DC, an employee of San Jose Foothills Family Community Clinic, located in San Jose, California, rendered negligent chiropractic treatment to Ms. Washington while using an electrical device on her body, resulting in Ms. Washington suffering multiple painful burns and permanent scars. Your client's claim was received in the Claims Office on April 12, 2020 for consideration and reply.

In order to evaluate your client's administrative tort claim, please forward the following substantiating evidence directly to this office **within 15 days** at the address above:

1.) **THREE COPIES ON SEPARATE CD'S OR USB FLASH DRIVES** of any inpatient and outpatient private medical records from which *relate* to the allegations contained in the administrative tort claim;

2.) **THREE COPIES ON SEPARATE CD'S OR USB FLASH DRIVES** of all *pertinent* X-rays, diagnostic imaging, ultrasonography, computed tomography (CT) and magnetic resonance imaging (MRI);

3.) Itemized bills pertaining to all pertinent medical expenses incurred by reason of the alleged incident;

4.) If the prognosis reveals the necessity for future treatment, a statement of expected duration of, and, expenses for such treatment;

Yoni Weinberg, Esq.
Re:   Claim No. 2020-0429
Pg. 2

5.)   If a claim is made for lost wages, a signed statement from your client's employer showing actual time and wages lost; and

6.)   Any other evidence or information that you believe has a bearing on the responsibility of the health center and its employees for the injuries and/or the damages claimed.

**AS ALL MAIL DELIVERED TO FEDERAL GOVERNMENT BUILDING IS X-RAYED/RADIATED, AND *MAY BE DAMAGED* DURING THE PROCESS, PLEASE FORWARD ALL EVIDENCE TO THIS OFFICE USING FEDEX, DHL OR UPS. PLEASE DO NOT FAX MEDICAL EVIDENCE OR SEND CDs or X-RAYS BY U.S. MAIL.**

**IF YOU CHOSE TO SEND ANY PERSONALLY PROTECTED IDENTIFIABLE INFORMATION IN RESPONSE TO THIS LETTER VIA EMAIL, PLEASE SEND THE MATERIALS TO MY EMAIL IN A SECURE, PASSWORD PROTECTED FORMAT AND EMAIL THE PASSWORD TO ME IN A SEPARATE EMAIL.**

Please be advised that all evidence must be furnished by a claimant within a reasonable period of time. By operation of 45 C.F.R. § 35.4(d), a claimant's failure to furnish evidence necessary to make a determination of his/her administrative tort claim within three months after a request for such evidence has been made, may be deemed an abandonment of the administrative tort claim. Further, a claimant's failure to provide requested evidence during the administrative tort claim process may result in a finding that his/her administrative remedies have not been exhausted, even if suit is filed more than six months after filing an administrative tort claim. See Swift v. United States, 614 F.2d 812 (1st Cir. 1980).

Yours truly,

*[signature: Connie M. McConahy]*

Connie M. McConahy
Paralegal Specialist
Claims Office